IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CORA LEE PITTS                                                                                          PLAINTIFF

v.                                    Civil No. 5:22-cv-05014

JOHN DOES 1 & 2, Prairie Grove Police
Department; and JOHN DOE 3,
Chief of Police, Prairie Grove Police Department                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 6) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.      BACKGROUND

Plaintiff, Cora Lee Pitts ("Pitts"), currently an inmate of the Washington County Detention Center ("WCDC"), filed this civil rights action under 42 U.S.C. § 1983. Pitts proceeds *pro se* and *in forma pauperis* ("IFP").

According to the allegations of the Amended Complaint (ECF No. 6), at approximately 9:00 p.m. on November 20, 2021, Pitts was walking to a store in Prairie Grove to use the telephone. *Id.* at 4. In response to an anonymous phone call, Pitts was approached by a Prairie Grove Police Officer who was running a check on her with the dispatcher. *Id.* at 4-5 & 8. Two other police officers arrived. *Id.* at 4. Pitts says one of the officers began quizzing her about the alleged criminal activities of her "ex-family members." *Id.*

1

After one of the officers noted that her eyes were glossy, Pitts says she was coerced into taking a breathalyzer. (ECF No. 6 at 4-5). Pitts maintains she was harassed, treated disrespectfully, wrongfully linked to the criminal activities of others, and ultimately taken into custody without probable cause. *Id.* at 5-6. She says excessive force was used in handcuffing her. *Id.* As a result of her wrongful arrest, Pitts indicates she has suffered a nervous breakdown. *Id.* at 6.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is

2

discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Pitts has sued the Defendants in their official capacities only. (ECF No. 6 at 5).

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Pitts' official capacity claims against the John Doe Defendants are treated as claims against the City of Prairie Grove. "[I]t is well established that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish municipal liability under section 1983, Pitts must allege that the constitutional violations resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Indep.,* 829 F.3d 695, 699 (8th Cir. 2016)(cleaned up).

To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Pitts fails to allege the existence of any specific decision or choice made by a party having final policymaking authority for the City of Prairie Grove. *Davison v. City of Minneapolis, Minn.,* 490 F.3d 648, 659 (8th Cir. 2007)(failed to present evidence of a policy officially adopted and promulgated by the City of Minneapolis).

To establish the City's custom liability, Pitts must show: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that she was injured by acts pursuant to the governmental entity's custom, *i.e.,* that the custom was a moving force behind the constitutional violation. *Johnson v. Douglas Cnty. Medical Dep't.,* 725 F.3d 825, 828 (8th Cir. 2013)(cleaned up). Pitts allegations fall far short of suggesting the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct. She points only to her treatment on this single occasion. *McGautha v. Jackson Cnty., Mo., Collections Dep't.,* 36 F.3d 53, 56-57 (8th Cir. 1994)("Liability for an unconstitutional custom or usage . . . cannot arise from a single act").

The final method to establish the City of Prairie Grove's liability is by establishing the failure to train or supervise the offending actors who caused the deprivation. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). With respect to a failure to train claim, the City may be subject to liability for the inadequate training of its employees where: "(1) the [City's] . . . training practices

4

[were] inadequate; (2) the [City] was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate or conscious choice by [the City]; and (3) an alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." *Id.* (cleaned up). To satisfy this standard, Pitts must allege "that in light of the duties assigned to specific officers . . . the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [City's] policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 390 (1989). Pitts does not allege that the City of Prairie Grove had notice that its training was inadequate and likely to result in a violation of constitutional rights. *Andrews v Fowler,* 98 F.3d 1069, 1076 (8th Cir. 1996). For these reasons, there is no basis on which the City of Prairie Grove can be held liable.

## IV. CONCLUSION

For these reasons, it is recommended that:

(1) the Complaint be **DISMISSED WITHOUT PREJUDICE** as the claims asserted are frivolous and fail to state claims upon which relief may be granted, pursuant to 28 U.S.C. § 1915A;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

      **DATED** this 14th day of February 2022.

                                            */s/ Christy Comstock*
                                            CHRISTY COMSTOCK
                                            UNITED STATES MAGISTRATE JUDGE