IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CORA LEE PITTS                                                           PLAINTIFF

            v.                      Civil No. 5:22-cv-05014

OFFICER PERZ URIEL, Prairie
Grove Police Department                                                 DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        Plaintiff, Cora L. Pitts ("Pitts"), brought this civil rights action pursuant to 42 U.S.C. §

1983.   She proceeds *pro se* and *in forma pauperis*.   Pursuant to the provisions of 28 U.S.C. §§

636(b)(1) and (3), the Honorable P.K. Holmes, III, United States District Judge, referred this case

to the undersigned for the purpose of making a Report and Recommendation.

        The case is before the Court for preservice screening of Pitts' Second Amended Complaint

(ECF No. 11) under 28 U.S.C. § 1915A.   Pursuant to § 1915A, the Court has the obligation to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.

## I.      BACKGROUND

        According to the allegations of the Second Amended Complaint (ECF No. 11), at

approximately 5:00 p.m. on October 20, 2021, Pitts was walking near the Farmington gas station

and the Harps' store to use the telephone and/or "catch a ride."   *Id.* at 4.   She was within Prairie

Grove's city limits.   *Id.*   In response to an anonymous phone call, Pitts was approached by a

Prairie Grove police officer.   (ECF No. 11 at 4).   The officer ran a "criminal name check" on her.

*Id.*   More officers arrived and Officer Uriel "took over."   *Id.*   Pitts alleges little or no record

exists as to the anonymous caller.   *Id.* at 6.   Pitts believes such calls should be investigated "for

1

legalities and facts." *Id.* at 11.   Pitts says that during her six years of being homeless, she has been harassed by citizens making calls to the police.   *Id.*

Pitts says Officer Uriel began naming her "ex-husbands."   (ECF No. 11 at 4).   At this point, Pitts indicated she walked away from the conversation but then came back.   *Id.* at 5.   When she came back, the officers began talking about her ex-husband's criminal and drug activities.   *Id.* Pitts indicates she had spent the night with her ex-mother-in-law at her ex-husband's house in Prairie Grove.   *Id.*   Pitts told Officer Uriel that she has no interest in her ex-husband's activities. She walked several steps away but then returned.   *Id.*   More conversation took place and eventually Officer Uriel asked her to take a breathalyzer test because her eyes were glossy.   *Id.* at 5-6.   She was told the result was ".9 something."   *Id.* at 5.   She was not given any field sobriety tests.   *Id.* at 6.   Pitts asserts that it is not illegal to consume alcoholic beverages.   (ECF No. 11 at 5).   She says she has lived homeless on the streets but has not been involved in any criminal activity.   *Id.*   On the day in question, Pitts says she was drinking and walking – "both freedoms" – and was not engaged in any unsafe behavior or activity.   *Id.* at 6.

Pitts was arrested, handcuffed, and her belongings and her person searched.   (ECF No. 11 at 6).   Pitts does not recall being given her *Miranda* rights.   *Id.*   She was taken to the Washington County Detention Center which she describes as a "psychotic experience."   *Id.*   She says she suffers from Post-Traumatic Stress Disorder ("PTSD") which impairs her ability to think.   *Id.* One day later, Pitts pushed an officer and ended up being charged with a felony offense.   *Id.*

Pitts has sued Officer Uriel in his official capacity only.   (ECF No. 11 at 5).   As relief, Pitts seeks an award of punitive damages and training of officers regarding anonymous calls and investigating the same.   *Id.* at 11.   Further, she indicates that officers need to be taught to be

thorough in their reports.   *Id.*

## II.    LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Jackson*, 747 F.3d at 544 (cleaned up).   However, the complaint must still allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

As previously noted, Pitts has sued Officer Uriel only in his official capacity.   (ECF No. 11 at 5).   Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).   In this case, Pitts' official capacity claim against Officer Uriel is treated as a claim against the City of Prairie Grove.[1]  "[I]t is well established that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).   To establish municipal liability under section 1983, Pitts must allege that the constitutional violations resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Indep.,* 829 F.3d 695, 699 (8th Cir. 2016) (cleaned up).

To establish the existence of an unconstitutional policy, Pitts must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).   Pitts fails to allege the existence of any specific decision or choice made by a party having final policymaking authority for the City of Prairie Grove. *Davison v. City of Minneapolis, Minn.,* 490 F.3d 648, 659

---

[1] A governmental entity may not be held liable for punitive damages. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981).

(8th Cir. 2007) (failed to present evidence of a policy officially adopted and promulgated by the City of Minneapolis).

To establish the City of Prairie Grove's custom liability, Pitts must show: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that she was injured by acts pursuant to the governmental entity's custom, *i.e.,* that the custom was a moving force behind the constitutional violation. *Johnson v. Douglas Cnty. Medical Dep't.,* 725 F.3d 825, 828 (8th Cir. 2013) (cleaned up). Pitts' allegations fall far short of suggesting the existence of a continuing, widespread, persistent pattern of unconstitutional conduct as she points only to her treatment on this single occasion. *McGautha v. Jackson Cnty., Mo., Collections Dep't.,* 36 F.3d 53, 56-57 (8th Cir. 1994) ("Liability for an unconstitutional custom or usage . . . cannot arise from a single act").

The final method to establish the City of Prairie Grove's liability is by establishing the failure to train or supervise the offending actors who caused the deprivation. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). With respect to a failure to train claim, the City may be subject to liability for the inadequate training of its employees where: "(1) the [City's] . . . training practices [were] inadequate; (2) the [City] was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate or conscious choice by [the City]; and (3) an alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." *Id.* (cleaned up). To satisfy this standard, Pitts must allege "that in light of the duties assigned to specific officers . . . the need for more or different training is so obvious, and the inadequacy so

likely to result in the violation of constitutional rights, that the [City's] policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 390 (1989).   Here, Pitts does not allege the City of Prairie Grove had notice that its training was inadequate and likely to result in a violation of constitutional rights.   *Andrews v Fowler,* 98 F.3d 1069, 1076 (8th Cir. 1996).   For these reasons, there is no basis on which the City of Prairie Grove can be held liable.

Even if the Court were to construe Pitts' Second Amended Complaint to be asserting individual capacity claims against Officer Uriel, Pitts' claims nevertheless would fail.   First, as to the false arrest claim, "[a] warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause, and an officer is entitled to qualified immunity if there is at least arguable probable cause."   *Kingsley v. Lawrence Cnty, Mo.,* 964 F.3d 690, 697 (8th Cir. 2020) (cleaned up).

> Probable cause to make a warrantless arrest exists when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.   Arguable probable cause exists when an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is objectively reasonable.

*Id.* at 697-98 (cleaned up).   Under Ark. Code Ann. § 5-71-212(a), person commits the offense of public intoxication if:

> he or she appears in a public place manifestly under the influence of alcohol or a controlled substance to the degree and under the circumstances such that: (1) The person is likely to endanger himself or herself or another person or property; or (2) The person unreasonably annoys a person in his or her vicinity.

Ark. Code. Ann. § 5-71-212(a).

Pitts admits she was walking on the public streets; admits she had consumed alcohol; admits Officer Uriel responded because of an anonymous call about her to the police department;

and does not challenge or dispute the breathalyzer test results.   Even without the breathalyzer test, Officer Uriel possessed at least arguable probable cause to arrest Pitts for public intoxication.

Second, once an arrest is made, Officer Uriel had the right under the Fourth Amendment to perform a warrantless search incident to Pitt's arrest.   The search-incident-to-arrest exception to the warrant requirement allows for the "search of the arrestee's person to remove weapons and seize evidence to prevent its concealment or destruction."   *Missouri v. McNeely,* 569 U.S. 141, 148 (2013); *United States v. Chartier,* 772 F.3d 539, 545 (8th Cir. 2014).   This exception extends to the area within the arrestee's immediate control.   *See e.g., Curd v. City Court of Judsonia, Arkansas,* 141 F.3d 839, 842 (8th Cir. 1998).   Thus, no plausible unlawful search claim has been stated by Pitts.

Third, no Fifth Amendment claim is stated with respect to the failure of Officer Uriel to advise Pitts of her *Miranda* rights.   In *Miranda v. Arizona,* 384 U.S. 436, 444 (1966), the United States Supreme Court held that the Fifth Amendment privilege against self-incrimination prohibits the admission into evidence of statements given by a suspect during "custodial interrogation."   In general, once an individual invokes his right to counsel custodial interrogation must cease.   *Moran v. Burbine,* 475 U.S. 412, 433 n.4 (1986).   If statements obtained during custodial interrogation are not used against a party, there is no constitutional violation.   *Davis v. City of Charleston,* 827 F.2d 317, 322 (8th Cir. 1987).   "[A] litigant cannot maintain an action under § 1983 based on a violation of the *Miranda* safeguards. . . . [Th]e remedy for a *Miranda* violation is the exclusion of evidence of any compelled self-incrimination, not a section 1983 action."   *Hannon v. Sanner,* 441 F.3d 635, 636 (8th Cir. 2006) (internal quotation marks and citations omitted).

For all these reasons, Pitts' Second Amended Complaint states no plausible individual capacity claims.

## IV.    CONCLUSION

It is recommended that:

(1) Pitts' Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE** as the claims asserted are frivolous and fail to state claims upon which relief may be granted, pursuant to 28 U.S.C. § 1915A;

(2) Pitts warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 7th day of April 2022.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE